Specific Authority 267.031(4) FS. Law Implemented 267.12(1) FS. History—New 1–1–75, Amended 9–7–78.

**COBB COIN COMPANY, et al., Plaintiffs,**

v.

**The UNIDENTIFIED WRECKED AND ABANDONED SAILING VESSEL, etc., Defendant.**

**Nos. 79–8266–Civ–JLK, 79–8356–Civ–JLK, 79–8342–Civ–JLK and 80–8093–Civ–JLK.**

United States District Court, S. D. Florida.

Nov. 5, 1981.

———

David Paul Horan, Key West, Fla., for plaintiff.

Linwood Anderson, Smathers & Thompson, Miami, Fla., Harold Ward, Fowler, White, Burnett, Hurley, Banick & Strickroot, P. A., Miami, Fla., Lloyd Bates, Jr., Asst. U. S. Atty., Miami, Fla., Susan Gamble, Asst. Atty. Gen., Tallahassee, Fla., Clinton Lanier, Vero Beach, Fla., Jim Smith, Atty. Gen., Tallahassee, Fla., for defendant.

ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION

JAMES LAWRENCE KING, District Judge.

This cause is before the Court on the plaintiff's motion for a temporary restraining order, and preliminary and permanent injunction and the response thereto by the State of Florida in each of the above-listed cases. As to Case No. 79–8266, this Court has granted the relief sought by plaintiff and entered a temporary injunction on October 2, 1981. 525 F.Supp. 186. That injunction was based on this Court's conclusion first, that federal maritime salvage principles preempted the State of Florida's Archives and History Act with respect to salvage in the Atlantic Ocean. A second and necessary element of the injunction was that the plaintiff demonstrated that it, as compared to other parties before the Court, was entitled to the protection of the admiralty court to allow it to continue working the Corrigan Wreck Site.

The plaintiff now moves for similar injunctive relief with respect to three other wreck sites. For two such sites, the subjects of Case Nos. 79–8342 and 80–8093, the plaintiff has submitted no facts which demonstrate it is entitled to the Court's injunctive relief. Therefore, it is hereby

ORDERED and ADJUDGED that the motions for temporary restraining order, preliminary and permanent injunction in Case Nos. 79–8342–Civ–JLK and 80–8093–Civ–JLK be and the same are hereby denied.

The plaintiff's motion for injunctive relief in Case No. 79–8356 (Cabin Wreck Site) raises more serious questions. Accompanying the motion are affidavits which indicate that Cobb Coin's agents began surveying the site in earnest in mid-July, 1981, and began salving continuously from on or about August 1, 1981 until it was either ousted by a competing salvor or deterred by the State's criminal prosecution. The affidavits, and some of the issues raised in the State's memorandum opposing the motion for the injunction, give rise to substantial questions going to whether the plaintiff satisfies the requirements of the maritime law that justify the Court's protection on a salvage site. These will have to be resolved in a hearing in which the parties will attempt to demonstrate who has superior rights to salve this wreck site. Thus, as for the first element that a movant must show for injunctive relief, probability of success on the merits, Cobb Coin would have to demonstrate its superior equities relative to the Cabin Site, within the guidelines and legal principles established in this Court's October 2, 1981 Injunctive Order entered in Case No. 79–8266–Civ–JLK.

The other three elements necessary to support injunctive relief are irreparable injury to and balance of hardship upon the movant, and a showing that the requested injunction would not be adverse to the public interest. The motion indicates that the state criminal trial is scheduled for November 9, 1981. Surely, being subject to criminal prosecution for exercising what might well be one's federal rights constitutes irreparable injury, and this Court intends to enjoin the State criminal prosecution until the other matters are resolved. *See* October 2, 1981 order, Case No. 79–8266–Civ–JLK, 525 F.Supp. p. 200 n. 6 (under "alternative test" for preliminary injunctive relief, the presence of substantial questions on the merits, combined with the threat of immediate, irreparable injury, may support entry of preliminary injunction). The injury to the State in foregoing the prosecution at this stage is slight compared to the injury that would be visited on Cobb Coin's employees and agents if the State of Florida prosecutes them criminally. Further, the Court perceives no damage to the public interest if the injunction issues.

It is well-settled that a federal court is generally reluctant to interfere with state criminal proceedings because of statutory restraints, *see* 28 U.S.C. § 2283, and because of respect for the doctrine of comity. But, in the language of the Fifth Circuit:

"the sharp edge of the Supremacy Clause cuts across all such generalizations. When a State, under the pretext of preserving law and order uses local laws, valid on their face, to harass and punish citizens for the exercise of their ... federally protected statutory rights, the general principle must yield to the exception: the federal system is imperiled."

*United States v. McLeod*, 385 F.2d 734, 745 (5th Cir. 1967), *quoting Cox v. Louisiana*, 348 F.2d 750, 752 (5th Cir. 1965). *See also Mitchum v. Foster*, 407 U.S. 225, 234–35, 92 S.Ct. 2151, 2157–58, 32 L.Ed.2d 705 (1972). In the maritime field, federal rights recognized under judicial interpretations of the law are equally to be protected. *See Moragne v. States Marine Lines*, 398 U.S. 375, 405 n. 17, 90 S.Ct. 1772, 1790 n. 17, 26 L.Ed.2d 339 (1970). This Court thus concludes that, as in *McLeod*, "[i]n this case neither Congress nor comity requires the court to stay its hand." *McLeod*, 385 F.2d at 745.

The governing statute, 28 U.S.C. § 2283, provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

This case is clearly within the latter two exceptions to the general rule. The State of Florida's continued attempts to prosecute Cobb Coin's agents and employees despite the ongoing proceedings in the Federal Admiralty Court interfere impermissibly with this Court's jurisdiction. The plaintiff Cobb Coin has filed its *in rem* actions herein, and this Court will determine all the parties' rights under the federal maritime law. That determination will occur according to the orderly processes of the Federal Statutes and Rules of Procedure. The State of Florida's criminal prosecution of salvors involved in these federal proceedings both interferes with this Court's jurisdiction, and impedes the Court's ability to protect or effectuate its judgments. Therefore, there is no statutory bar to an injunction of the State criminal prosecution.

Neither do considerations of comity warrant allowing the State to prosecute criminally the parties to this federal litigation or any of their employees. The comity considerations which normally counsel federal judicial forbearance are completely inapposite in this case. Comity considerations are based, first, on a trust that the state courts will adequately protect an individual's federal rights with direct review by the Supreme Court to correct any error in the State Courts' constitutional analysis. The second consideration underlying the comity concept is respect for the orderly administration of justice in the state courts.

In this case, the federal admiralty proceedings were instituted over two years ago. None of the State's numerous efforts to arrest or indict Mel Fisher or any other of Cobb Coin's agents and employees began until *after* the institution of the various actions in the federal court. The courts have recognized that a federal cause of action exists for determining a salvor's rights in the type of shipwrecks involved in the above-styled suits. *See, e.g., Treasure Salvors, Inc. v. The Unidentified, Wrecked and Abandoned Sailing Vessel*, 640 F.2d 560 (5th Cir. 1981). Nevertheless, as a supplement to its participating in the orderly judicial determination of the parties' rights under traditional salvage principles, the State has attempted to harass the plaintiff by instituting criminal prosecutions against the people the plaintiff has hired to assist it in pursuing its colorable federal rights. Neither comity consideration applies because the reverse of the typical case occurred here; rather than this Court interfering with the State judicial proceedings, it is clear that the State of Florida's officials and agents have knowingly, flagrantly, and impermissibly attempted to usurp the Fed-

eral Court's proper exercise of its jurisdiction. The plaintiff's uncontroverted allegations indicate that the Florida Marine Patrol officers, the St. Lucie County Sheriffs and other executive law enforcement officers, and even the county court judge knew specifically of the cases pending before this Court.

It would be disingenuous to consider the State Court prosecution in light of traditional comity notions. The defendants' ability to assert their federal defenses, or the States' orderly administration of "justice" are absent when the State Court improperly purported to assume jurisdiction in the first instance. The United States District Court has sole and exclusive jurisdiction over determining the parties' rights to work on the sites named in the above-listed suits. Given the ongoing federal proceedings relating to the subject wrecksites, the State's executive and judicial officers have no authority whatsoever to attempt to enforce those provisions of Chapter 267 which purport to supplant federal admiralty jurisdiction. Furthermore, there appears to be no other adequate means to protect the plaintiff's employees and agents other than by enjoining the scheduled State Court prosecution. As indicated above, being subject to the processes of the State criminal law system is irreparable and impermissible injury when that prosecution arises from the plaintiff's exercise of rights then being determined in the federal court. And any other remedy than this injunction, including an appeal or other procedure, would be totally inadequate to protect against this injury. To allow the November 9th trial to proceed would be to permit the State Court to preempt the already vested federal jurisdiction. It is the reluctant conclusion of this Court that the following injunction is necessary to stop state officials from acting in derogation of law and interfering with the jurisdiction of this Court. It is therefore:

ORDERED, ADJUDGED and DECREED as follows:

1. The state attorney or any assistant state attorney for the Nineteenth Judicial Circuit of Florida, with jurisdiction to prosecute crimes in Indian River, St. Lucie, Okeechobee and Martin Counties, or any other state attorney in Florida who might hereafter be assigned to that circuit, are hereby enjoined from proceeding in the presently pending criminal prosecution of Dawson Lee Chaney, Sr., Lt. Cdr. John J. Berrier, USN (Retired), and Chuck Herehold, Case Nos. 81–1122 MM, 81–1124 MM, 81–1125 MM, 81–1307 MM, 81–1308 MM, 81–1309 MM in the County Court in and for Indian River County, Florida, now scheduled for November 9, 1981.

2. The Attorney General of the State of Florida, and his officers, agents, employees and all assistants acting by and under his ability and control are hereby enjoined from prosecuting any of the above-named individuals in the above-numbered cases, or any persons for surveying or salvaging any wreck which is the subject of a case pending in the United States District Court.

3. The Sheriff of Indian River County, Florida, and all of his deputies, marshalls, or their agents and employees, are hereby enjoined from executing any writs, warrants, orders, attachments, or other processes which may flow or emanate from the Indian River County Court or any other Court of the State of Florida with respect to the above-mentioned criminal prosecutions. The Sheriff and his deputies, marshalls, or their agents, are hereby further enjoined from arresting or producing the bodies of any of the above-named individuals on November 9, 1981, or any time before or after that date, before the Courts of the State of Florida, until further order of the United States District Court for the Southern District of Florida. Furthermore, any sheriff or executive officer of the State of Florida who might hereafter be assigned to Indian River County or the Nineteenth Judicial Circuit as successor to or substitute for the present incumbents is hereby enjoined from executing any and all writs, orders, warrants, attachments, or processes of any sort which may flow from or emanate from any State Court, or from arresting or producing the bodies of any of the above-named individuals for purposes of

criminal prosecution arising out of or related in any way to the salvaging activities surrounding the wrecks which are the subject of the above-listed cases.

4. The Florida Marine Patrol, and its captain, deputies and all its agents, officers, and employees are hereby enjoined from arresting or executing any writs, warrants, attachments, or other processes on any persons involved with activities on the sites which are the subject of this lawsuit.

5. The Florida Division of Archives, History and Records Management, Ross Morrell, Director, and any other of the Division's agents, officers, employees, or agents, are hereby enjoined from attempting to enforce any portion of chapter 267, Florida Statutes, as relates in any way to the salvaging activities of the plaintiff Cobb Coin Company or its agents or employees on the sites which are the subject of these lawsuits.

6. The individual defendants named above, Dawson Lee Chaney, Sr., Lt. Cdr. John Berrier, USN (Retired), and Chuck Herehold, are hereby enjoined from appearing before the Indian River County Court for the above-listed cases now scheduled for November 9, 1981, at any time the State may attempt to try such cases, arising out of matters or incident to activities on the wrecks which are the subject of the above-listed cases.

7. The bonds payed by the above defendants for their release pending trial in the above-listed criminal cases in the Indian River County Court are hereby cancelled, and the defendants are hereby released from any obligations under the bonds.

8. The criminal trial now scheduled for November 9, 1981, in the Indian River County Court against the above-named defendants is hereby enjoined. The Judge, of the County Court in and for Indian River County, Florida, and any other County or Circuit Judge who may be assigned the trials of the above-named defendants now scheduled for November 9, 1981 be and they are hereby enjoined from conducting such trials. The United States District Court, Southern District of Florida, has sole and exclusive jurisdiction of the matters relat-

ing to the subject wrecksites at this time. All other courts and tribunals are without authority to act so as to attempt to deprive this Court of its lawful and appropriate jurisdiction.

9. All of the plaintiff's agents, officers and employees are to be protected from any scheduled criminal prosecution or any aspect of any threatened criminal prosecution arising out of activities on any of the sites which are the subject of these lawsuits.

10. This Order shall be personally served by the United States Marshall for the Southern District of Florida upon the Judge of the County Court of the Nineteenth Judicial Circuit in and for Indian River County, the Sheriff of Indian River County, the State Attorney for the Nineteenth Judicial Circuit of Florida and for Indian River County, the Attorney General of the State of Florida, the commanding officer of the Florida Marine Patrol, the captain of the Florida Marine Patrol, Vero Beach Office, and Ross Morell, Director of the Florida Division of Archives, History and Records Management. It shall be served by mail upon all other parties named in the list appended hereto.

11. All further search and salvage activity on the three wrecksites which are the subjects of Case Nos. 79–8356, 79–8342 and 80–8093 by any person or party, or any agents, successors or assignee of any person or party, including but not limited to the plaintiff in these cases and any individuals or corporations purporting to act under a license issued by the State of Florida, is hereby enjoined until further order of this Court.

## APPENDIX

### INDIVIDUALS TO BE SERVED PERSONALLY

#### VERO BEACH

Hon. Graham W. Stikelether
County Judge
Nineteenth Judicial Circuit
Indian River County
Vero Beach Courthouse
2001 Bldg.
Vero Beach, Florida 32906

**234**

Capt. Robert Patterson
Florida Marine Patrol
Division of Law Enforcement
Department of Natural Resources
1845 20th St.
Vero Beach, Florida

### TALLAHASSEE

Mr. Ross Morrell
Director of the Division of Archives, History and Records Management
State of Florida
Department of State
c/o R.A. Grey Bldg.
Tallahassee, Florida 32301

Hon. Jim Smith
Attorney General
State of Florida
The Capitol
Tallahassee, Florida

Col. John Walker, Commanding Officer
Florida Marine Patrol
Division of Law Enforcement
Department of Natural Resources
3900 Commonwealth Bldg.
Tallahassee, Florida 32303

### FT. PIERCE

Hon. Robert E. Stone
State Attorney
217 S. 2nd Street
Ft. Pierce, Florida 33450

### VERO BEACH

Sheriff R. T. "Tim" Dobeck
Courthouse
Vero Beach, Florida